UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

FEDERICO SANDOVAL AGUILAR,

Defendant.

No. 2:13-cr-0296 KJM

ORDER

Defendant Federico Sandoval Aguilar, proceeding pro se[1], moves to reduce his sentence under 18 U.S.C. § 3582(c)(2). Mot., ECF No. 356. The government opposes the motion. Opp'n, ECF No. 386.

Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which became effective November 1, 2014 and lowered by two points the base offense level for most drug trafficking offenses. The Amendment applies retroactively to defendants sentenced prior to its effective date. *See Serrano v. United States*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1. After consideration of the moving papers, the relevant parts of the record, and applicable legal principles, the court hereby DENIES defendant's motion.

/////

[1] On June 28, 2017, the Office of the Federal Defender notified the court that it declines appointment in the case.

I. BACKGROUND

On April 15, 2015, defendant pled guilty to Count One of the Indictment, charging him with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Plea Agreement, ECF No. 214. Defendant's plea called for a sentence within a range of 180 to 210 months. *Id.* at 3.

After defendant's guilty plea, the Probation Officer prepared a Presentence Investigation Report ("PSR") calculating the guidelines range for sentencing. *See* PSR, ECF No. 295 (sealed). The PSR recommended a base offense level of 36 and, after adjustments, a total offense level of 41. *Id.* ¶¶ 15–24. With a criminal history category I, the resulting advisory guidelines range was 324 to 405 months in prison. *Id.* ¶¶ 37, 58. In determining the defendant's offense level, the Probation Officer used the 2014 Guidelines Manual, which incorporated all guidelines amendments. *Id.* ¶ 13.

On October 14, 2015, the court varied downward from the guidelines range to impose a sentence of 210 months. J. and Commitment at 2, ECF No. 330. In a statement of reasons the court published following hearing, the court explained its rationale for the defendant's sentence:

> While the binding plea agreement provides for a sentencing range of from 180 to 210 months, the court sentenced at the high end of the range given defendant's role as the leader of a sizable distribution ring in Butte County, and thus his greatest culpability compared to other codefendants all of whom worked under him. The activity comprising the conviction offense extended over 4 months and involved 49 pounds of methamphetamine. While defendant suffers from substance abuse, and it appears his criminal behavior was motivated in part by his addictions, the extent of the enterprise far exceeded what would be reasonably be expected to satisfy personal addictions; rather, a profit motive may be inferred.

Sentencing Statement of Reasons, ECF No. 331.

II. SENTENCE MODIFICATION

The authority of a district court to modify a prison sentence is governed by 18 U.S.C. § 3582. In relevant part, § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

> 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G §1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). This is done by "determin[ing] the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 1155 n.3 (quoting *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* at 1155 (quoting *Dillon*, 560 U.S. at 828). For the reasons discussed below, the court need not reach this second step.

## III. <u>DISCUSSION</u>

As noted above, Amendment 782 became effective on November 1, 2014 and reduced by two points the base offense level for most drug trafficking offenses. Here, defendant's base offense level relied on the 2014 United States Sentencing Guidelines Manual, which incorporated all relevant guidelines amendments, including the reduced base offense levels effected by Amendment 782. *See* PSR ¶ 13; *see also* 2014 Federal Sentencing Guidelines Manual, United States Sentencing Commission, https://www.ussc.gov/guidelines/ guidelines-archive/2014-federal-sentencing-guidelines-manual (last visited July 21, 2017) (including Amendment 782). Thus, the PSR upon which the court relied already incorporated Amendment 782 as it modified the base offense level. Defendant's motion, which seeks a reduction in his sentence on the basis of this Amendment, must accordingly be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that defendant Federico Sandoval Aguilar's motion to reduce sentence, ECF No. 356, is denied.

IT IS SO ORDERED.

DATED: August 9, 2017.

UNITED STATES DISTRICT JUDGE