UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:13-CR-00296-KJM |
| Plaintiff, | ORDER |
| v. | |
| Federico Sandoval Aguilar, | |
| Defendant. | |

Pro se defendant Federico Sandoval Aguilar moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) given the retroactive application of Amendment 821. The court referred the motion to the Office of the Federal Defender (FDO) pursuant to General Order 670. The FDO then filed a notice of non-representation. The United States subsequently filed an opposition to defendant's motion and defendant did not reply. For the reasons set forth below, the court **denies defendant's motion**.

**I.     BACKGROUND**

On April 15, 2015, defendant pled guilty to count one of the indictment, which charged him with conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Plea Hr'g, ECF No. 212. He entered his plea following a colloquy in open court and subject to a written agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which the parties agreed defendant should be sentenced within

1  a range of 180 to 210 months.  Plea Agreement at 2, ECF No. 214.  The court referred the matter

2  to probation for the preparation of a presentence investigation report (PSR).  Plea Hr'g.  The final

3  PSR found defendant's total offense level was 41 and his criminal history score of 1 from a prior

4  offense.  PSR ¶¶ 24, 34, ECF No. 295.  Under the sentencing table in U.S.S.G. Chapter 5, Part A,

5  this established a criminal history category of I.  PSR ¶¶ 35–37, ECF No. 295.  The resulting

6  sentencing range was 324-405 months.  PSR ¶ 58.  Defendant objected to the presentence report

7  and argued his total offense level should be 33.  Obj., ECF No. 317.

8       The court held a sentencing hearing on October 14, 2015.  Sent'g Min., ECF No. 329.

9  The court adopted the PSR with one adjustment—the court determined the enhancement for

10 maintaining drug premises did not apply and reduced the total offense level to 39.  The court

11 concurred with the PSR in finding defendant's criminal history category was I.  The court then

12 found the sentencing range was 262-327.  *See* U.S.S.G. Ch. 5, Part A.  The court sentenced

13 defendant to a custodial term of 210 months, accepting the parties' 11(c)(1)(C) agreement and

14 sentencing at the high end of their agreed range.  J. and Commitment at 2, ECF No. 330; *see also*

15 Sent'g Reasons, ECF No. 331.

16      Defendant now seeks to reduce his sentence under 18 U.S.C. § 3582(c)(2) given the

17 retroactive application of Amendment 821, which provides a 2-offense-level reduction for certain

18 zero-point offenders who satisfy the criteria now listed in U.S.S.G. § 4C1.1.(a).  Mot., ECF No.

19 428; U.S.S.G. § 4C1.1.(a).

20 **II.     LEGAL STANDARD**

21      Generally, a federal court "may not modify a term of imprisonment once it has been

22 imposed[.]"  18 U.S.C. § 3582(c).  However, exceptions to this rule apply, including:

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission pursuant to 28 U.S.C.
> 994(o), upon motion of the defendant or the Director of the Bureau
> of Prisons, or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, if such a reduction is

30 /////

>consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C § 3582(c)(2).

"[Section] 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). This is done by "determin[ing] the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 1155 n.3 (quoting *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* at 1155 (quoting *Dillon*, 560 U.S. at 828).

### III.  ANALYSIS

As noted, defendant contends he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1. Mot. at 3–5. To determine whether a reduction is appropriate, the court must first determine whether defendant is eligible. *See Dunn*, 728 F.3d at 1155. Under U.S.S.G. § 4C1.1, only defendants who have not received any criminal history points are entitled to the downward adjustment. U.S.S.G. § 4C1.1(a)(1).

Here, defendant's PSR scored his prior criminal history by assessing one criminal history point, which defendant did not contest. PSR ¶ 37; *see generally* Obj. At sentencing, the court adopted this scoring. Because defendant received one criminal history point, as opposed to none, he is ineligible for the adjustment under U.S.S.G. § 4C1.1. *See also United States v. Perez*, No. 17-00007, 2024 WL 626940, at *1 (E.D. Cal. Feb. 14, 2024) (denying motion for sentence reduction under § 4C1.1 where defendant had two criminal history points). Because defendant is ineligible, the court need not reach the balance of the section 3582(c)(2) inquiry.

/////

/////

## IV.  CONCLUSION

For the reasons set forth above, the court **denies** defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

This order resolves ECF No. 428.

IT IS SO ORDERED.

DATED:  April 5, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE